**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANCILLIA MOLINA, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>AR RESOURCES, INC.,<br><br>               Defendant. | Civil Action No: 17-6573-SDW-SCM<br><br>**OPINION**<br><br><br>February 22, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant AR Resources, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Francillia Molina's ("Molina" or "Plaintiff") Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

    **I.**        **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, a resident of New Jersey, incurred a financial obligation in the amount of $750.00 to Bergen Community College ("BCC") at some time prior to January 17, 2017. (Compl. ¶¶ 7, 22-27, Ex. A.) The debt was then subsequently referred to Defendant, a debt collection company, to collect the amount owed. (Compl. ¶¶ 26-27, 8-10.) On January 17, 2017, Defendant sent the following written notice to Plaintiff:

1

> Please be advised, our client, BERGEN COMMUNITY COLLEGE, has referred your account to us for collection.
>
> To avoid further collection activity, please remit payment in full of $750.00 directly to: AR Resources, Inc., P.O. Box 1056, Blue Bell, PA 19422-0287 . . .
>
> If you would like to pay by phone, or have any questions, please contact a representative toll-free at 866-221-4388. Calls to and from our location may be monitored or recorded for quality and training purposes.
>
> You may also visit us at WWW.ARRESOURCESINC.COM to make a payment online. . . .
>
> Unless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days of receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

(Compl. Ex. A.)

On August 30, 2017, Plaintiff filed a two-count Complaint in this Court alleging Defendant violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). (Compl. ¶¶ 44-53.) Defendant filed the instant motion to dismiss on December 28, 2017. (Dkt. No. 7.) Plaintiff filed her opposition on January 25, 2018 and Defendant filed its timely reply on February 13, 2018. (Dkt. Nos. 9, 10.)

## II.     LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief") (internal citation omitted).

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

The FDCPA, 15 U.S.C. § 1692, *et seq.,* provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000)) (internal quotation marks omitted). As

the Third Circuit has articulated, this "lower standard comports with a basic purpose of the FDCPA ... to protect 'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." *Id.* (internal citations omitted). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson,* 225 F.3d at 354–55 (internal quotations and citations omitted). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.,* No. 07–5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008); *see also Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 568–69 (D.N.J. 2012).

Plaintiff alleges that Defendant failed "to clearly and explicitly identify and name the creditor to whom the debt is owed," (Compl. ¶ 52), in violation of both 1) FDCPA § 1692e(10) which prohibits "[t]he use of any false, deceptive, or misleading representations or means to collect or attempt to collect any debt," and 2) § 1692g(a)(2) which requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall ... send the consumer a written notice containing ... (2) the name of the creditor to whom the debt is owed." Defendant's collection letter, however, clearly identifies the creditor as "Bergen Community College." (Compl. Ex. A.) The fact that Defendant also refers to BCC as "our client" would not confuse the least sophisticated debtor. Read in its entirety, the collection letter identifies BCC by name and provides Plaintiff with her BBC account number and the amount of the debt allegedly owed. This is more than sufficient to satisfy § 1692g(a)(2). *See, e.g.*, *Macelus v. Capital Collection Serv.*, Civ. No. 17-2025

(RBK/JS), 2017 WL 5157389, at *3 (D.N.J. Nov. 7, 2017) (holding that a letter containing the name of the creditor and the amount owed did not violate the FDCPA); *Hammett v. AllianceOne Receivables Mgmt., Inc.*, Civ. No. 11-3172, 2011 WL 3819848, at * 4-5 (E.D. Pa. Aug. 30, 2011) (finding that the use of the word "client" would not confuse the least sophisticated debtor, especially when coupled with "the account number and the amount of outstanding principal"); *Lindley v. TRS Recovery Assoc., Inc.*, Civ. No. 12-109, 2012 WL 6201175, at *2 (S.D. Tex. Dec. 12, 2012). Moreover, the collection letter is neither deceptive nor misleading. "A letter is deceptive when it can reasonably be read to have two or more meanings, one of which is inaccurate or contradictory to another requirement." *Devito*, 908 F. Supp. 2d at 571 (citing *Wilson*, 225 F.3d at 354). Defendant's letter unambiguously identifies BBC as the creditor, and provides Plaintiff with more than enough information to identify the exact debt allegedly owed. Therefore, Defendant's motion to dismiss the Complaint will be granted.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

   /s/ Susan D. Wigenton\_\_\_\_\_
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:        Clerk
cc:          Steven C. Mannion, U.S.M.J.
              Parties